[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 2, 1996 the Petitioner, Steven Kulmac filed an Amended Petition for a Writ of Habeas Corpus. On February 21, 1996 the Respondent filed its Return. The Petitioner was arrested CT Page 8542 in March and April 1988 in the Town of Southington and City of Meriden for various offenses. The offenses in each town were consolidated in one trial. On November 30, 1990 the Petitioner was found guilty by a jury of eight counts of Sexual Assault in the First Degree, eight counts of Sexual Assault in the Second Degree, two counts of Sexual Assault in the Fourth Degree, and nine counts of Risk of Injury to a minor. On January 10, 1991 the Petitioner received a total effective sentence of thirty years. The Petitioner now claims his trial attorney Jeffrey R. Van Kirk was ineffective for the following reasons:
a. Failure to present any expert testimony in support of the defendant's theory of the case.
b. Failure to effectively investigate the case prior to trial, especially with respect to work records, which would have provided the defendant with an alibi.
c. Failure to keep uncharged misconduct out of evidence by making proper argument.
d. Failure to challenge the jury instruction, given by the trial court, specifically regarding count 17 of the Meriden information (risk of injury to a minor), and failure to raise the issue of an improper instruction, on this count, in post verdict proceedings.
e. Failure to object to the introduction of "C's" written statement, where it was inconsistent with "C's" testimony, regarding digital penetration with respect to counts 4 and 6 of the Meriden information.
f. Failure to make the preliminary showing required to warrant "in camera" inspection of the victims' DCYS records.
g. Failure to preserve a claim that the State failed to put on evidence of all the elements of risk of injury to a minor.
h. Failure to preserve a claim of double jeopardy with respect to counts 5 and 9, 7 and 10, 8 and 11 of the Meriden information; and with respect to counts 7 and 8 of the Southington information.
i. Failure to make objection to the prosecution of the Meriden counts, where alleged sexual abuse had not been reported CT Page 8543 by a parent within a year of that parent's knowledge, (as required by CGS, Rev. to 1987, Section 53a-69), together with the other counts of alleged sexual abuse.
j. Failure to object to the introduction of inaccurate and unreliable evidence at sentencing.
The Petitioner testified in this matter and proclaimed his innocence.
Attorney Jeffrey Van Kirk the Petitioner's trial attorney testified in this matter. He stated the Petitioner's defense was that the victims were assaulted by another person and that they (victims) transferred the assault act to the Petitioner. He stated there was very little if any physical evidence against the Petitioner. Attorney Van Kirk testified that he did not present any expert testimony in defense of the Petitioner although the Public Defender's office would have paid for an expert if he requested the same. He stated that the state did have an expert who testified in the Petitioner's trial. Attorney Van Kirk stated he presented other witnesses and cross-examined the victims. Attorney Van Kirk testified that the Petitioner told him he was employed in the State of Indiana during the period when many of these crimes were alleged to have been committed. The Petitioner gave Attorney Van Kirk the name and address of his Indiana employer. Attorney Van Kirk testified he called the Indiana employer and was told the Petitioner was employed there sporadically. He further testified that there was either no record of the Petitioner having worked at the Indiana company or the period he worked was not a period during which any of these crimes committed.
The Petitioner argues that his attorney was ineffective for not making a motion to have Connecticut General Statute § 53a-69 applied to his case. The Connecticut Supreme Court inState v. Kulmac, 230 Conn. 43, 78 found that the failure to apply Connecticut General Statute § 53a-6a to certain allegations against the Petitioner was not error.
Attorney Van Kirk testified that the Petitioner's case came down to credibility.
The Petitioner called Attorney Dale King as an expert witness. Attorney King stated the Petitioner's trial attorney should have pursued more aggressively the application of CT Page 8544 Connecticut General statute § 53a-69 (where State of Limitations is one year after a victim's tell a parent about a sexual assault) to some of the offenses with which the Petitioner was charged. He further testified the Petitioner's trial counsel should have retained an expert to testify that the victims were confused. Attorney King also stated that the Petitioner's trial counsel should have been better prepared when he made a motion to the court to have an "in camera" inspection of the victims Department of Children and Youth Services records. This motion was denied by the court. Attorney King stated the Petitioner's trial counsel was ineffective when he failed to object to the testimony of one of the victims when it was inconsistent with a prior written statement of that victim. Attorney King also said that the Petitioner's trial counsel was ineffective when he failed to object to the judge's charge to the jury relative to the offense of Risk of Injury to a Minor, which charge he claimed was incorrect. Attorney King also testified that the trial counsel should have pursued the Indiana work records of the Petitioner more aggressively by checking among other things the Petitioner's tax returns and tax records of the employer during this period.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992). Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170,174, 628 A.2d 32 (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy'. (Citations omitted; internal quotation marks omitted.) Siano v.CT Page 8545Warden, supra; Hull v. Warden, supra; Copas v. Warden, supra, 683-84.
"`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'. (citations omitted; internal quotation marks omitted). Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701
(1993). Johnson v. Commissioner of Correction, 36 Conn. App. 695,701, 702 (1995).
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations in his Amended Petition filed January 2, 1996. He has not proved that his counsel's representation of him was deficient. Further he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the Petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge